KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
LAWRENCE Y. ISER (SBN 094611)
  liser@kwikalaw.com
SHAWN HOLLEY (SBN 136811)
  sholley@kwikalaw.com
GREGORY P. KORN (SBN 205306)
  gkorn@kwikalaw.com
ALLEN SECRETOV (SBN 301655)
  asecretov@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Defendants and Counterclaimants
Justin Raisen, Jeremiah Raisen, Justin "Yves"
Rothman, and Heavy Duty LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MELISSA JEFFERSON, professionally known as LIZZO, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>JUSTIN RAISEN, an individual, JEREMIAH RAISEN, and individual, HEAVY DUTY MUSIC PUBLISHING, JUSTIN "YVES" ROTHMAN, an individual, and DOES 1-10,<br><br>    Defendants. | Case No. 2:19-CV-09107-DMG-MAA<br><br>**DEFENDANTS AND COUNTERCLAIMANTS' OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFF AND COUNTERCLAIM DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Judge: Hon. Dolly M. Gee<br>Date: May 15, 2020<br>Time: 9:30 a.m.<br>Crtrm.: 8C<br><br>Trial Date: None Set |
| JUSTIN RAISEN, an individual, JEREMIAH RAISEN, and individual, HEAVY DUTY LLC (erroneously sued as HEAVY DUTY MUSIC PUBLISHING), and JUSTIN "YVES" ROTHMAN, an individual,<br><br>    Counterclaimants,<br><br>vs.<br><br>MELISSA JEFFERSON, professionally known as LIZZO, an individual, ERIC FREDERIC, an individual, JESSE SAINT JOHN GELLER, an individual, STEVEN CHEUNG, an individual, and ROES 1-10,<br><br>    Counterdefendants. | |

Defendants and Counterclaimants JUSTIN RAISEN, JEREMIAH RAISEN, HEAVY DUTY LLC, and JUSTIN "YVES" ROTHMAN (collectively, "Defendants") object to certain evidence presented by Plaintiff and Counterclaim Defendant MELISSA JEFFERSON p/k/a LIZZO ("Plaintiff") in connection with Plaintiff's Reply in Support of Motion to Dismiss (Dkt. No. 48), set for hearing on May 15, 2020 before this Court.

Defendants submit the following evidentiary objections to the Declaration of Cynthia S. Arato in Support of Plaintiff's Reply in Support of Motion to Dismiss, and accompanying exhibits, which Plaintiff filed on May 1, 2020. (Dkt. Nos. 49, 49-1, 49-2, 49-3.)

| EVIDENCE | OBJECTIONS |
|---|---|
| Paragraph 2, Exhibit A: Transcription of lyrics on sound recordings of "Healthy" and "Truth Hurts", in its entirety. (Dkt. No. 49-1.) | **Improper New Evidence**: Plaintiff cannot submit new evidence on its Reply brief; the transcription of lyrics were not submitted in Plaintiff's opening papers. This new evidence was not submitted in response to any argument or facts first raised in Defendants' Opposition (Dkt. No. 46). Rather, the lyrics recorded on "Healthy" and "Truth Hurts", were discussed and referenced in Defendants' Counterclaims (Dkt. No. 27, ¶¶ 23, 28, 54) and Plaintiff's opening Motion to Dismiss (Dkt. No. 40, pp. 1:15-16, 5:19-21), and Plaintiff knew of this information and evidence at the time it |

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

| | |
|---|---|
| | filed its Motion to Dismiss. Plaintiff's untimely submission of this evidence with its Reply is an unfair and improper attempt to sandbag Defendants. Defendants are prejudiced because they have had no opportunity to present any points, authorities, or evidence in response to the newly added evidence or to correct Plaintiff's mischaracterizations and misleading framing of this evidence. The Court must therefore decline to consider, and strike, this new evidence raised in Plaintiff's Reply. *See Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1027-28 (C.D. Cal. 2018) (striking new evidence presented first on reply where the timing of submitting the new evidence appeared "aimed at strategically limited Defendants' opportunity to respond"). |
| Paragraph 3, Exhibit B: Disk of sound recordings of "Healthy" and "Truth Hurts", in its entirety. (Dkt. No. 49-2, manually lodged with Court.) | **Improper New Evidence**: Plaintiff cannot submit new evidence on its Reply brief; the sound recordings were not submitted in Plaintiff's opening papers. This new evidence was not submitted in response to any argument |

or facts first raised in Defendants' Opposition (Dkt. No. 46). Rather, the sound recordings of "Healthy" and "Truth Hurts" were discussed and referenced in Defendants' Counterclaims (Dkt. No. 27, ¶¶ 27-29, 34, 54) and Plaintiff's opening Motion to Dismiss (Dkt. No. 40, pp. 1:12-20, 3:22-23, 4:15-17, ), and Plaintiff knew of this information and evidence at the time it filed its Motion to Dismiss. Plaintiff's untimely submission of this evidence with its Reply is an unfair and improper attempt to sandbag Defendants. Defendants are prejudiced because they have had no opportunity to present any points, authorities, or evidence in response to the newly added evidence or to correct Plaintiff's mischaracterizations and misleading framing of this evidence. *See Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1027-28 (C.D. Cal. 2018) (striking new evidence presented first on reply where the timing of submitting the new evidence appeared "aimed at strategically limited

| | |
|---|---|
| | Defendants' opportunity to respond.") |
| Paragraph 4, Exhibit C: August 2019 musicology report, in its entirety. (Dkt. No. 49-3.) | **Improper New Evidence**: Plaintiff cannot submit new evidence on its Reply brief; the musicology report was not submitted in Plaintiff's opening papers. This new evidence was not submitted in response to any argument or facts first raised in Defendants' Opposition (Dkt. No. 46). Rather, the musicology report comparing "Healthy" and "Truth Hurts" was discussed and referenced in Defendants' Counterclaims (Dkt. No. 27, ¶¶ 46, 50) and Plaintiff's opening Motion to Dismiss (Dkt. No. 40, p. 5:19-20), and Plaintiff knew of this information and evidence at the time it filed its Motion to Dismiss. Plaintiff's untimely submission of this evidence with its Reply is an unfair and improper attempt to sandbag Defendants. Defendants are prejudiced because they have had no opportunity to present any points, authorities, or evidence in response to the newly added evidence or to correct Plaintiff's mischaracterizations and misleading framing of this evidence. |

| |*See Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1027-28 (C.D. Cal. 2018) (striking new evidence presented first on reply where the timing of submitting the new evidence appeared "aimed at strategically limited Defendants' opportunity to respond.")|
|---|---|

DATED: May 5, 2020

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

By:    */s/ Lawrence Y. Iser*
Lawrence Y. Iser
Attorneys for Defendants and Counterclaimants Justin Raisen, Jeremiah Raisen, Justin "Yves" Rothman, and Heavy Duty LLC