UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-9107-DMG (MAAx)** | Date | April 27, 2021 |
| Title | *Melissa Jefferson v. Justin Raisen, et al.* | Page | 1 of 7 |

Present: The Honorable   **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER RE PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS DEFENDANTS/COUNTERCLAIMANTS' FIRST AMENDED COUNTERCLAIM [60]**

On August 14, 2020, the Court granted Plaintiff Melissa Jefferson's (known professionally as Lizzo) motion to dismiss Defendants Justin Raisen, Jeremiah Raisen, Yves Rothman, and Heavy Duty Music Publishing's Counterclaims for failure to state a claim, with leave to amend. [Doc. # 57 ("first MTD Order" or "MTD1 Order").] On September 3, 2020, Counterclaimants filed their First Amended Answer ("FAA"), which contains counterclaims for: (1) a judicial declaration that they are joint authors and co-owners of Truth Hurts; (2) an accounting of revenues from the use of Healthy in Truth Hurts; (3) "further relief" under 28 U.S.C. § 2202; (4) an accounting of revenues from Truth Hurts enjoyed by all Counter-defendants, or by Lizzo and Jesse St. John Geller ("St. John"); and (5) a constructive trust. [Doc. # 58.]

On September 24, 2020, Lizzo filed a second motion to dismiss ("MTD") the first, third, fourth, and fifth amended counterclaims. [Doc. # 60.] The motion has since been fully briefed. [Doc. ## 68, 72.] For the reasons set forth below, the Court **GRANTS** Lizzo's second MTD.

**I.
FACTUAL BACKGROUND**

Most of the factual allegations in the FAA are identical to those in the original Counterclaims. The Court incorporates by reference its prior summary of these allegations. *See* MTD1 Order at 1-3.[1] The most significant change is that instead of alleging that Counter-Defendants "copied substantial, significant original creative expression from 'Healthy' to create 'Truth Hurts,'" the FAA now alleges that they "continued working and evolving 'Healthy,' and through that process arrived at a finalized song called 'Truth Hurts.'" *Compare* Counterclaims at ¶ 32 *with* FAA at ¶ 32.

---

[1] All page references herein are to page numbers inserted in the header of the document by the CM/ECF filing system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-9107-DMG (MAAx) | Date | April 27, 2021 |
| Title | *Melissa Jefferson v. Justin Raisen, et al.* | Page | 2 of 7 |

The FAA also adds that during the April 11, 2017 recording session, neither Lizzo nor St. John wanted to use the "100%" line in Healthy, but Jeremiah convinced them to include it. FAA at ¶ 23. Lizzo sang the lyric in accordance with the melodies and rhythm previously established in the first verse of Healthy, which had been developed collaboratively by the group from an instrumental track provided by Justin and Rothman. *Id*.

Counterclaimants also allege that Lizzo recognized St. John's contribution to the Healthy recording sessions and to Truth Hurts in a tweet saying, "TY @jessesaintjohn for inspiring v1 from a whole otha song we wrote! I JUST TOOK A DNA TEST // IM 100% DAT BITCH is the best gift ever." Counterclaims at ¶ 35-36; FAA at ¶¶ 34-35. In addition, Counterclaimants now allege that, instead of Justin being "struck by the substantial similarities between [Truth Hurts] and 'Healthy,'" he was "struck by the fact that it was the end product of the work Lizzo and Counterclaimants had put into 'Healthy.'" *Compare* Counterclaims at ¶ 37 *with* FAA at ¶ 36.

## II.
## DISCUSSION[2]

### A.   The FAA Continues to Allege that Healthy and Truth Hurts Are Distinct Songs

In its first MTD Order, the Court dismissed the Counterclaims seeking co-ownership of Truth Hurts to the extent they were premised on allegations that Lizzo copied Healthy in creating Truth Hurts because "[j]oint authorship in a prior work is insufficient to make one a joint author of a derivative work." MTD1 Order at 4 (quoting *Ashton-Tate Corp. v. Ross*, 916 F.2d 516, 522 (9th Cir. 1990)). Counterclaimants now contend that because the FAA instead alleges that Truth Hurts is the refined and finished product of Healthy, their claims fall under an exception for contributions to a single "finished product," as articulated in *Maurizio v. Goldsmith*, 84 F. Supp. 2d 455 (S.D.N.Y. 2000).[3]  Opp. at 21-22.

Although the FAA is stripped of all statements that Truth Hurts copied or was derived from Healthy, Counterclaimants continue to allege the same underlying facts that indicate "Healthy" was a standalone song and not an incomplete, partial contribution. The FAA fails to address the problematic allegations that gave rise to the first MTD Order. Specifically,

---

[2] The legal standard governing motions to dismiss is set forth in the Court's first MTD Order and need not be repeated here. *See* MTD1 Order at 3.

[3] For more detail on the facts and reasoning of *Maurizio* and *Ashton-Tate*, see MTD1 Order at 4-5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 19-9107-DMG (MAAx) | Date | April 27, 2021 |
|---|---|---|---|
| Title | *Melissa Jefferson v. Justin Raisen, et al.* | Page | 3 of 7 |

> Counterclaimants allege that, after Lizzo recorded Healthy, Justin Raisen "stayed up all night" polishing the song before soliciting feedback on it from the group. Counterclaims at ¶ 27. Raisen and Lizzo also held a second recording session to further fine-tune the song before suggesting that her management team include it on her upcoming EP. *Id*. at ¶¶ 29-30. A representative from Reed's company stated that, at the time, Healthy "h[ad] a shot" of being included on Lizzo's upcoming EP. *Id*. These allegations suggest that Healthy was, and was intended to be, a final product . . .

MTD1 Order at 5. These same facts are again alleged in the FAA, and they lead to the same conclusion this time around.

The FAA and Counterclaims also both cite a 2019 musicology report which concluded that the "***duplication*** of these distinctive elements in *Truth* makes it difficult to argue that these similarities are the result of coincidence or that *Truth* was independently created and did not ***copy*** these elements from *Healthy*." FAA at ¶ 45; Counterclaims at ¶ 46 (emphasis added). Counterclaimants continue to allege that both they and Lizzo's team considered Healthy to be a complete song ready for album consideration, though it was ultimately not included. FAA at ¶¶ 30, 33. The FAA also continues to incorporate Lizzo's statement that Healthy was a "whole otha song." *Id.* at ¶ 35.

What Counterclaimants do add to the FAA amount to mere labels and legal conclusions that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555). For example, their relabeling of Justin's reaction to Truth Hurts as being "struck by the fact that it was the end product of the work [they] had put into 'Healthy,'" rather than "struck by the substantial similarities between it and 'Healthy,'" merely substitutes one legal conclusion (substantial similarity) with another (end product of the work). Counterclaimants also summarily allege that, "[o]n information and belief, in or about June 2017, Lizzo and Reed continued working on and evolving 'Healthy,' and through that process arrived at a finalized song called 'Truth Hurts,'" without providing any facts or justification to support that conclusion. FAA at ¶¶ 32, 52. *See Iqbal*, 556 U.S. at 664 ("While legal conclusions can provide the . . . framework, they must be supported by factual allegations."). Counterclaimants attempt to construe "shared elements between the tracks" and "shared concept and feel" as factual evidence that Lizzo and Reed "further refine[d]" Healthy into Truth Hurts. FAA at ¶ 52. But this actually suggests that Truth Hurts derived or copied elements from Healthy, which is consistent with Counterclaimants' own musicology report referenced in the FAA. The report states that certain distinctive elements in Truth Hurts duplicate, borrow, or copy from Healthy, while also clearly indicating that they are two distinct songs. *See* Arato Decl. ¶ 4, Ex. C (Musicology Report)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 19-9107-DMG (MAAx) | Date | April 27, 2021 |
|---|---|---|---|
| Title | *Melissa Jefferson v. Justin Raisen, et al.* | Page | 4 of 7 |

[Doc. # 49-3] ("the song *Truth* clearly contains lyrics and musical material contained in the song *Healthy*").

In its first MTD Order, the Court noted that "the facts that Counterclaimants set out in their pleading" are "irreconcilably inconsistent" with the notion that "all along, the parties intended Healthy to be merely a part of the process of creating a single finished product, Truth Hurts." Yet in their amended pleading and Opposition, Counterclaimants continue attempting to reconcile the irreconcilable. Therefore, the *Ashton-Tate* rule still applies—to the extent Counterclaimants seek ownership of Truth Hurts based on their authorship of Healthy, their claim fails as a matter of law.

**B.   Counterclaimants Have Failed to Adequately Plead Joint Authorship of "Truth Hurts"**

Counterclaimants are correct that *Ashton-Tate* does not categorically preclude their co-ownership claim. It merely states that joint authorship of one work does not *automatically* confer ownership of the derivative work, and that the independent copyright protection that attaches to the derivative work is "wholly independent of the protection afforded in the preexisting work." *Ashton-Tate*, 916 F.2d at 522 (citing *Weissmann v. Freeman*, 868 F.2d 1313, 1317 (2d Cir. 1989)). As such, the analysis now shifts to whether Counterclaimants have sufficiently pled independent co-ownership of Truth Hurts.

To establish co-ownership, a party must show that it made an independently copyrightable contribution and qualifies as an author of the alleged joint work. *See Aalmuhammed v. Lee*, 202 F.3d 1227, 1231-32 (9th Cir. 2000). The Ninth Circuit established a three-factor test for joint authorship in *Aalmuhammed*. In the absence of a contract, whether a contributor is an author for the purpose of joint authorship is based on: (1) whether the putative author superintended the work by exercising control; (2) whether the putative coauthors made objective manifestations of a shared intent to be coauthors; and (3) whether the audience appeal of the work turns on both contributions and the share of each in its success cannot be appraised. *Richlin v. MGM Pictures, Inc.*, 531 F.3d 962, 968 (9th Cir. 2008) (citing *Aalmuhammed*, 202 F.3d at 1234). Lizzo argues that the FAA fails to adequately plead two of the three factors, intent and control. MTD at 15.

   **1.   Control**

An alleged author exercises control when he or she is "the inventive or master mind who creates or gives effect to the idea." *Aalmuhammed*, 202 F.3d at 1234. In many joint authorship analyses, control will be the most important factor. *Id*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-9107-DMG (MAAx)** | Date | April 27, 2021 |
|---|---|---|---|
| Title | *Melissa Jefferson v. Justin Raisen, et al.* | Page | 5 of 7 |

  Counterclaimants, relying on the assumption that Truth Hurts is the single final product of modifications to Healthy, point to their role in the April 2017 recording and editing sessions as evidence of their control over Truth Hurts. Opp. at 13. For example, they allege control over the instrumental tracks Lizzo picked from for Healthy, the creation and production of Healthy, the "drum grooves/programming and melodic keyboard/synth parts of Healthy, and Justin's polishing and finetuning of Healthy. FAA at ¶¶ 23, 27-29. This might have been persuasive had they been able to show that Truth Hurts was, in fact, the end product of Healthy. This not being the case, Counterclaimants have not alleged facts indicating control over *Truth Hurts*. They allege no facts demonstrating that they exercised any control over the creation of Truth Hurts independent from their contributions to Healthy. Indeed, they "did not hear from Lizzo's team again about 'Healthy' until August 2017," and appear not to have even known of the existence of Truth Hurts until after it was released. *Id.* at ¶¶ 31, 36 ("After the September 19, 2017 release . . . Justin listened to 'Truth Hurts' and was struck by the fact that it was the end product of the work Lizzo and Counterclaimants had put into 'Healthy.'"). For the same reasons that "[j]oint authorship in a prior work is insufficient to make one a joint author of a derivative work," Counterclaimants' control over a prior work is insufficient to demonstrate control over a derivative work. *See Ashton-Tate*, 916 F.2d at 522.

  Notwithstanding *Ashton-Tate*, Counterclaimants argue that their control over Healthy alone may be sufficient to show joint authorship over "Truth Hurts," citing two cases from this district. In *Reinsdorf v. Skechers U.S.A.*, 922 F. Supp. 2d 866, 873 (C.D. Cal. 2013), Reinsdorf exercised exclusive control over underlying photographs and Skechers had exclusive control over the graphic design, editing, and enhancement of those photographs. The court concluded that "each party had exclusive, or near-exclusive power over the distinct constituent parts of the unitary whole," which weighed in favor of joint authorship. *Id.* at 872-73. Again, this comparison relies on the faulty assumption that Truth Hurts was an edited, enhanced, or refined version of Healthy. Further, unlike in *Reinsdorf*, Counterclaimants did not have "exclusive or near-exclusive" control over the underlying standalone work, as they admit that Lizzo also "contributed inseparable and interdependent non-trivial amounts of creative, original, and intellectual expression to create 'Healthy.'" FAA at ¶ 25. Indeed, they listed Lizzo as a joint author in their registration of Healthy. *Id.* at ¶ 51. Joint authorship of the prior work is of course what implicates the *Ashton-Tate* rule. *Reinsdorf*, by contrast, involved the opposite scenario—each party had *exclusive* control over the distinct constituent parts.

  Similarly, in *Morrill v. Smashing Pumpkins*, 157 F. Supp. 2d 1120 (C.D. Cal. 2001), a band's "sole control" over the musical compositions in a music video made it a joint author of the video, along with the filmmaker. *Id.* at 1124. The band and the filmmaker each exerted creative control over "*separate* and indispensable elements of the completed product." *Id.* (emphasis

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-9107-DMG (MAAx)** | Date | April 27, 2021 |
|---|---|---|---|
| Title | *Melissa Jefferson v. Justin Raisen, et al.* | Page | 6 of 7 |

added). Again, the *Ashton-Tate* rule was not implicated because there was no joint prior work. Here, arguably Counterclaimants did not even have sole control over their constituent contribution to *Healthy*—they admit that the use of the "100%" line in Healthy was a suggestion that Lizzo could have chosen not to accept. *See* FAA at ¶ 23 ("Jeremiah enthusiastically suggested it be included as a lyric in the song," and convinced Lizzo through his persistence.). Even assuming Counterclaimants controlled her use of the "100%" line in Healthy, they had no control over her choice to use it in Truth Hurts. *See id.* at ¶ 42 ("During the March 26, 2019 phone call, Lizzo admitted to Justin that . . . Reed suggested to her that they take elements from 'Healthy' for 'Truth Hurts,' including the '100%' lyric and melody.").

The "100%" line may indeed be a copyrightable contribution, however, *Aalmuhammed* "plainly contemplates that an individual *can* make a 'copyrightable contribution' and yet not become a joint author of the whole work." *Garcia v. Google, Inc.*, 766 F.3d 929, 934 (9th Cir. 2014) (emphasis in original). Accordingly, the control factor of *Aalmuhammed* weighs against joint authorship of Truth Hurts.

### 2.     Intent

The second factor of the *Aalmuhammed* test is whether the parties made objective manifestations of a shared intent to be co-authors. Counterclaimants "contend that all of the parties understood and intended at the time that Counterclaimants, like Lizzo, would be joint authors of "Truth Hurts." FAA at ¶ 56.

In support of this conclusion, Counterclaimants allege that St. John received credit on Truth Hurts "based solely on his participation in the first of the two recording sessions at the Raisens' studio." FAA at ¶ 56; Opp. at 10. Recognizing that the Court already rejected this argument in the first MTD Order, *see* MTD1 Order at 6, Counterclaimants admit that "the fact that Saint John was deemed a co-author of 'Truth Hurts' for his contributions in the Raisens' recording studio would not necessarily mean everyone in the room . . . would be co-authors." Opp. at 18. They argue, however, that it is objective indicia of a shared intent and understanding that all collaborators at the April 2017 sessions are co-authors of Truth Hurts. Opp. at 18. The Court disagrees.

First, even assuming there was a shared intent that all collaborators would be co-authors of all songs written in the April 2017 sessions, Truth Hurts is not among them. Their intent in April 2017 cannot be transferred to the time of writing Truth Hurts. Each putative author "must intend to contribute to a joint work at the time his or her alleged contribution is made. Because § 103(b) extends independent protection to derivative works, an intent to contribute or an actual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-9107-DMG (MAAx)** | Date | April 27, 2021 |
|---|---|---|---|
| Title | *Melissa Jefferson v. Justin Raisen, et al.* | Page | 7 of 7 |

contribution to previous works does not serve as proof of ownership in the derivative work." *Weissmann v. Freeman*, 868 F.2d 1313, 1317 (2d Cir. 1989). Again, this is the *Ashton-Tate* rule in action. Based on the facts alleged, at the time of their contribution, Counterclaimants intended to contribute the line and melody to the track Healthy, not to a future, undefined work. Counterclaimants have alleged no facts to indicate that, at the time of the addition of the "100%" line to Truth Hurts, there was an objective manifestation of shared intent to make the Raisens joint authors.

Second, the fact that Lizzo chose to credit multiple co-authors, including St. John, while excluding the Raisens actually indicates the opposite of what Counterclaimants argue it does: that there was *no* shared intent for the Raisens to be joint authors of Truth Hurts. Counterclaimants argue that Lizzo's explicit refusals to credit them are "unreliable" and merely indicate her after-the-fact subjective intent. Opp. at 19-20. To the contrary, courts often look to contemporaneous credit decisions as indicia of whether there were objective manifestations of a shared intent to be joint authors. The Ninth Circuit did so in *Aalmuhammed*, stating "putative coauthors make objective manifestations of a shared intent to be coauthors, as by denoting the authorship of *The Pirates of Penzance* as 'Gilbert and Sullivan.'" 202 F.3d at 1234. Thus, Lizzo's choice to credit some co-authors, but not the Raisens, at the time of releasing Truth Hurts is relevant.

In sum, the intent factor also weighs against Counterclaimants' claim of joint authorship of Truth Hurts.

### III.
### CONCLUSION

Because Counterclaimants continue to claim co-ownership of Truth Hurts based solely on their contributions to a prior independent work, Lizzo's second MTD is **GRANTED**. Given that the deficiencies in the Counterclaims have not been remedied in the FAA, the Court **DISMISSES with prejudice** Counterclaimants' first cause of action for declaratory relief as to their ownership of Truth Hurts, as well as their third, fourth, and fifth causes of action to the extent they are derived from the first. Counter-defendants shall file their Answer to the remaining counterclaims by no later than 14 days from the date of this Order. The parties shall meet and confer and file an updated Joint Rule 26(f) Report within one week of the date of this Order.

**IT IS SO ORDERED**.