KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
LAWRENCE Y. ISER (SBN 094611)
  liser@kwikhlaw.com
SHAWN HOLLEY (SBN 136811)
  sholley@kwikhlaw.com
GREGORY P. KORN (SBN 205306)
  gkorn@kwikhlaw.com
ALLEN SECRETOV (SBN 301655)
  asecretov@kwikhlaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Defendants and Counterclaimants
Justin Raisen, Jeremiah Raisen, Heavy Duty
LLC, and Justin "Yves" Rothman

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MELISSA JEFFERSON, professionally known as LIZZO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JUSTIN RAISEN, an individual, JEREMIAH RAISEN, an individual, HEAVY DUTY MUSIC PUBLISHING, YVES ROTHMAN, and DOES 1-10,<br><br>Defendants. | Case No. 2:19-cv-09107-DMG-MAA<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE OF PLAINTIFF'S COMPLAINT**<br><br>Date:        December 3, 2021<br>Time:        9:30 a.m.<br>Courtroom:   8C<br>Judge:       Hon. Dolly M. Gee |
| JUSTIN RAISEN, an individual, JEREMIAH RAISEN, an individual, HEAVY DUTY LLC (erroneously sued as HEAVY DUTY MUSIC PUBLISHING), JUSTIN "YVES" ROTHMAN, an individual,<br><br>Counterclaimants,<br><br>vs.<br><br>MELISSA JEFFERSON, professionally known as LIZZO, an individual, ERIC FREDERIC, an individual, JESSE ST. JOHN GELLER, an individual, STEVEN CHEUNG, and individual, and ROES 1-10,<br><br>Counterdefendants. | |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................5

II. FACTUAL AND PROCEDURAL BACKGROUND ..........................................6

    A. The Parties' Dispute Over Authorship Of "Truth Hurts" .......................6

    B. The Pleadings And Prior Motion Practice ...............................................7

    C. Lizzo's Reasons For Seeking Dismissal ...................................................8

III. ARGUMENT ........................................................................................................10

    A. The Court Is Empowered To Dismiss Lizzo's Complaint With Prejudice, And On Further Terms It Considers Proper .........................10

    B. The Court Should Dismiss The Complaint With Prejudice To Avoid Rewarding Lizzo's Gamesmanship ..........................................................11

    C. Lizzo's Failure To Prosecute This Claim With Diligence Further Supports Dismissal With Prejudice ..........................................................15

    D. Dismissal With Prejudice Is Also Warranted Because The Statute Of Limitations Bars The Refiling Of Lizzo's Claim ...................................17

IV. CONCLUSION ....................................................................................................20

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Aalmuhammed v. Lee*,
 202 F.3d 1227 (9th Cir. 2000) ................................................................................ 19

*Ashton-Tate Corp. v. Ross*,
 916 F.2d 516 (9th Cir. 1990) .................................................................................... 8

*Bowens v. Inland Builders Supply, Inc.*,
 2008 WL 11338727 (C.D. Cal. Feb. 20, 2008) ...................................................... 11

*Burnette v. Godshall*,
 828 F. Supp. 1439 (N.D. Cal. 1993) ................................................................ *passim*

*Burnette v. Lockheed Missiles & Space Co.*,
 72 F.3d 766 (9th Cir. 1995) .................................................................................... 10

*Buster v. Greisen*,
 104 F.3d 1186 (9th Cir.1997) ................................................................................. 16

*Cohen v. Chanin*,
 2020 WL 10758583 (C.D. Cal. Dec. 21, 2020) ............................................... 12, 15

*Evenflo Co., Inc. v. Augustine*,
 2015 WL 7568663 (S.D. Cal. Nov. 24, 2015) ........................................................ 15

*Larsen v. Town of Conte Madera, Cal.*,
 1994 WL 508821 (N.D. Cal. Sept. 12, 1994) ......................................................... 19

*Microhits, Inc. v. Deep Dish Prods., Inc.*,
 2011 WL 13143434 (C.D. Cal. Jan. 6, 2011) ......................................................... 16

*Oddo v. Ries*,
 743 F.2d 630 (9th Cir. 1984) .................................................................................... 8

*Phillips v. P.F. Chang's China Bistro, Inc.*,
 2016 WL 3136925 (N.D. Cal. June 6, 2016) ......................................................... 14

*Sperling v. White*,
 30 F. Supp. 2d 1246 (C.D. Cal. 1998) .................................................................... 17

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

*Stevedoring Servs. of Am. v. Armilla Int'l B.V.*,
  889 F.2d 919 (9th Cir. 1989) .................................................................. 10, 11

*ThermoLife International LLC v. Neogenis Labs Incorporated*,
  2021 WL 2714746 (D. Ariz. Jul. 1, 2021) ................................................ 12, 13

*Toyo Tire & Rubber Co., Ltd v. Doublestar Dong Feng Tyre Co., Ltd*,
  2018 WL 1896310 (C.D. Cal. Mar. 28, 2018) ........................................... 10, 11

*Welles v. Turner Ent't Co.*,
  503 F.3d 728 (9th Cir. 2007) ........................................................................ 17

*Williams v. Peralta Cmty. Coll. Dist.*,
  227 F.R.D. 538 (N.D. Cal. 2005) ..................................................... 11, 13, 15

*Zuill v. Shanahan*,
  80 F.3d 1366 (9th Cir. 1996) .................................................................. 17, 18

**Other Authorities**

Fed. R. Civ. P. 41 ................................................................................. 5, 10, 11

Phillips & Stevenson, Fed. Civ. Proc. Before Trial ¶ 16:389 (Rutter
  Group 2021) .................................................................................................. 19

Steven S. Gensler, Federal Rules of Civil Procedure, Rules and
  Commentary, Rule 41 (2021) ........................................................................ 11

## I. INTRODUCTION

Plaintiff Melissa Jefferson p/k/a "Lizzo" moves to voluntarily dismiss her Complaint pursuant to Federal Rule of Civil Procedure 41(a)(2). Lizzo represents that she is seeking the dismissal of her Complaint—*without* prejudice—ostensibly because her remaining claim for declaratory relief is redundant of the mirror-image counterclaims for declaratory relief and accounting filed by Defendants and Counterclaimants Justin Raisen, Jeremiah Raisen, and Yves Rothman (collectively, "Defendants"). Lizzo suggests that dismissal of her Complaint will simplify the presentation of evidence at trial and ease the confusion of jurors who (purportedly) will not be able to understand how and why the two sides have competing declaratory relief claims.

Lizzo's explanation for seeking to dismiss her Complaint may have appeal at first glance, but it is disingenuous and obscures the *real* reasons Lizzo is now requesting a dismissal.

First, discovery has revealed that Lizzo's remaining claim for declaratory relief with regard to the authorship of the song "Healthy" is frivolous: (1) Defendants are unquestionably the joint authors of the song "Healthy," which was written, produced, and recorded by Defendants, Lizzo, and Jesse St. John in Defendants' studio; and (2) as the joint authors of "Healthy," Defendants are entitled to an accounting of a portion of Lizzo and St. John's profits from the song "Truth Hurts," which copied copyrightable expression from "Healthy." Lizzo is seeking to dismiss to extricate herself from a claim that is factually frivolous and should never have been filed.

Second, Lizzo and her counsel recently learned that they triggered Defendants' insurance coverage by instigating this lawsuit and asserting claims against Defendants. Lizzo's request for dismissal is *not* a magnanimous gesture to simplify the case. It is a strategic maneuver to vitiate Defendants' insurance coverage so that Defendants must now fund their litigation of a claim that should

have been resolved amicably before Lizzo ever initiated this action—no doubt in hopes that the remaining litigation will be cost-prohibitive and force Defendants to settle for less than they will recover at trial.

While Defendants do not oppose the dismissal of Lizzo's Complaint, it is well-established that a Court may grant a motion for voluntary dismissal on the condition that the dismissal be *with* prejudice. Thus, for example, courts have required that a plaintiff's dismissal be *with* prejudice where it is sought on the verge of the defendant prevailing, and where the moving party fails to provide a sufficient explanation for dismissal. As discussed below, these and other circumstances weigh in favor of the Court granting Lizzo's request, but dismissing her Complaint ***with prejudice***, and treating the dismissal with prejudice as an adjudication in Defendants' favor on the parties' remaining claims concerning Defendants' indisputable joint authorship of "Healthy" and the similarly-indisputable use by Lizzo of copyright-protected elements from that song in the creation of her hit record "Truth Hurts."

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  The Parties' Dispute Over Authorship Of "Truth Hurts"

In early 2017, Lizzo and her representatives enlisted Defendants to assist in writing and producing songs for possible use on her upcoming album. A track called "Healthy" was written and produced during an April 11, 2017 recording session at Defendants' studio. (*See* Dkt. 1, ¶ 18; Dkt. 58, ¶ 22-23.) At the session, Defendants, together with Lizzo and St. John, contributed to and recorded all the music, vocal melodies, and lyrics of "Healthy." Included within "Healthy" was the now-iconic musical phrase sung to the lyrics "I just did a DNA test turns out I'm 100% that bitch …." (hereinafter, the "DNA Phrase").

Lizzo and her representatives raved about "Healthy" and told Defendants the song was in the running to be included on her next album. The track was not included, however. In its place was a song called "Truth Hurts," which contained

numerous elements from "Healthy," including, most notably, the DNA Phrase sung with the identical melody and nearly identical lyrics.

"Truth Hurts" contained so many musical elements from "Healthy" that Defendants would have rightly been named as joint authors of the song. Indeed, co-writing credit on "Truth Hurts" was given to St. John, who was not involved whatsoever in the recording of "Truth Hurts," and whose *sole* contribution to "Truth Hurts" occurred ***during the April recording session in Defendants' studio*** when he found an internet meme that was the inspiration for the DNA Phrase included in "Healthy." Nevertheless, while Lizzo gave St. John writing credit and the right to share in the revenues from the exploitation of the "Truth Hurts" composition, none of the Defendants were similarly credited.

Defendants were intent on resolving the dispute informally until Lizzo initiated this action against them.

### B. The Pleadings And Prior Motion Practice

Lizzo filed her Complaint against Defendants on October 23, 2019 seeking declaratory relief and contending, among other things: (1) that Defendants "are not co-owners of the copyright in 'Truth Hurts' and have never had a right to any profits earned in connection with the song," and (2) that Defendants "are not co-authors of the unreleased demo song ['Healthy'] which Lizzo worked on in April 2017." (Dkt. 1, 8:5-18.) Defendants counterclaimed on February 28, 2020, and filed a First Amended Counterclaim on September 3, 2020 following the Court's order dismissing portions of their initial pleading with leave to amend. Defendants' counterclaims sought a declaration that they are joint authors and co-owners of the musical composition "Truth Hurts," including the copyright therein, and are entitled to royalties and profits earned from the exploitation of "Truth Hurts" as the result of such joint authorship. In the alternative, the counterclaims seek a declaration that Defendants are joint authors of "Healthy," that "Truth Hurts" is a derivative work of "Healthy," and that Defendants are thus entitled to an accounting from their joint

authors of "Healthy"—Lizzo and St. John—for the revenues they earned from "Truth Hurts" that are attributable to the song's usage of the various elements of "Healthy." (Dkt. 58, 30:3-32:15.) Defendants also brought separate claims for an accounting, constructive trust, and other relief in the event Defendants prevailed in obtaining declaratory relief on either of the "Truth Hurts" or "Healthy" declaratory relief claims. (Dkt. 58, 32:66-33:74.)

The Court's April 27, 2021 Order on Lizzo's Motion to Dismiss Defendants' First Amended Counterclaim held that Defendants are *not* the joint authors of "Truth Hurts" as a matter of law. (Dkt. 79.) The Order did not, however, dispose of either of the parties' claims with regard to the authorship of "Healthy" and Defendants' right to an accounting of profits from "Truth Hurts" as a result of its use of copyrightable elements from "Healthy." Thus, as stated in Lizzo's motion, the issues that "remain to be litigated are whether Counterclaimants are co-owners of ['Healthy'] and, if they are, whether they are entitled to a share of Lizzo and St. John's profits from 'Truth Hurts'[1] and the extent of such share." (Dkt. 91, 6:3-6.)

### C. Lizzo's Reasons For Seeking Dismissal

The discovery conducted in this case has confirmed that Defendants are *unquestionably* the joint authors and co-owners of the song "Healthy" together with Lizzo and St. John. Defendants contributed all the music and beats for the song; they assisted Lizzo in the writing of lyrics and melodies for her vocals; and the song was produced, engineered, and mixed in Defendants' studio, where they exercised

---

[1] This issue is easily resolved if Defendants are found to be joint authors of "Healthy" because, while an author of a joint work does not necessarily acquire an authorship interest in derivative works that utilize part of the joint work, that author is entitled to compensation for the derivative work's use of the original joint work. *Ashton-Tate Corp. v. Ross*, 916 F.2d 516, 523 (9th Cir. 1990); *see also Oddo v. Ries*, 743 F.2d 630, 633 (9th Cir. 1984) ("A co-owner of a copyright must account to other co-owners for any profits he earns from licensing *or use* of the copyright ….") (emphasis added).

complete control over its creation.

Further, it is no longer debatable that "Truth Hurts" uses copyrightable elements from "Healthy," and that Lizzo and St. John are therefore obligated to account to their "Healthy" co-owners for a share of their earnings from "Truth Hurts." In fact, Lizzo has produced in this litigation an **August 2017** email, which predates the release of "Truth Hurts" a month later, with the subject line "Lizzo 'Truth Hurts' x 'Healthy' demo" in which Lizzo's record label concedes that "**Lizzo took**" the DNA Phrase from "Healthy," which she "did with" Defendants, for use in "Truth Hurts."[2] (Declaration of Lawrence Y. Iser ("Iser Decl."), Ex. 1.)

Lizzo's liability on this remaining claim is so clear that, for all intents and purpose, Defendants are on the verge of adjudication of the issue in their favor (whether by dispositive motion or trial). No doubt Lizzo's request for dismissal is motivated in part by Lizzo's desire to get out from a hopeless claim which she never should have filed. But there is also a more cynical reason that Lizzo has requested a dismissal of her Complaint at this time. Shortly before informing Defendants of her surprise plans to voluntarily dismiss her complaint, Lizzo and her counsel learned that Defendants have insurance coverage which was triggered by Lizzo's filing of this action against them. (*See* Iser Decl., ¶ 9.) Lizzo is seeking dismissal of her affirmative claims primarily to cause Defendants' insurers to deny any further duty to pay costs, thus forcing Defendants to self-fund the remainder of a lawsuit that they have no choice but to pursue at this point (because of potential statute of limitations problems were they to dismiss), and which should have been resolved amicably even before Lizzo filed this action.

---

[2] Defendants contend that many other musical elements from "Healthy" were used in "Truth Hurts." But even if the DNA Phrase was the only copyrightable aspect that Lizzo took from "Healthy" for use in "Truth Hurts"—which the evidence shows she did—that would be sufficient to require Lizzo to account to Defendants as her joint authors of "Healthy." *See supra* n.1.

## III. ARGUMENT

While Defendants do not oppose the dismissal of Lizzo's Complaint, it is well-established that the Court may require that the dismissal be *with* prejudice as a condition of dismissal. For the reasons set forth below, Defendants respectfully request that, should dismissal be granted, the Court order that Lizzo's Complaint be dismissed *with* prejudice, and further order that the dismissal with prejudice serves to adjudicate in Defendants' favor: (1) that Defendants are joint authors of "Healthy," and (2) that "Truth Hurts" uses copyrightable expression from "Healthy" so as to require Lizzo and St. John to account for Defendants' share of their profits from the exploitation of "Healthy" in "Truth Hurts."

### A. The Court Is Empowered To Dismiss Lizzo's Complaint With Prejudice, And On Further Terms It Considers Proper

In examining Lizzo's request for voluntary dismissal, the Court is vested with the discretion to grant Lizzo's motion "*on terms that the court considers proper*." Fed. R. Civ. P. 41(a)(2) (emphasis added). "The determination of whether dismissal is with or without prejudice is also discretionary on the part of the court." *Toyo Tire & Rubber Co., Ltd v. Doublestar Dong Feng Tyre Co., Ltd*, No. 15-00246-CJC(JPRx), 2018 WL 1896310, at *2 (C.D. Cal. Mar. 28, 2018); *see also Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993) aff'd sub nom. *Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766 (9th Cir. 1995) ("Whether to allow dismissal with or without prejudice is discretionary with the court, and it may order the dismissal to be *with* prejudice where it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action."). "When exercising discretion," district courts are to "bear in mind that [Rule 41(a)(2)] exists chiefly to protect defendants against plaintiffs manipulating dismissal to defendants' detriment." *Toyo Tire*, 2018 WL 1896310, at *2. Thus, allowing a plaintiff to dismiss an action without prejudice will cut against the purpose of Rule 41 if the defendant is "prejudiced or unfairly affected by dismissal." *Stevedoring Servs. of Am. v. Armilla*

*Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (citations omitted) (emphasis added.)

In determining whether dismissal should be with or without prejudice, courts consider factors including:

>  (1) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action;

>  (3) insufficient explanation of the need to take a dismissal; and

>  (3) the defendant's effort and expense involved in preparing for trial;

*Id.* However, these factors are not exclusive, and courts may "consider factors unique to the case before it." Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary*, Rule 41 (2021). Thus, courts "must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Burnette*, 828 F. Supp. at 1443 (quoting *Microhits, Inc. v. Deep Dish Prods., Inc.*, No. CV 10-36 PA (Ex), 2011 WL 13143434, at *2 (C.D. Cal. Jan. 6, 2011).

### B. The Court Should Dismiss The Complaint With Prejudice To Avoid Rewarding Lizzo's Gamesmanship

Courts have found that dismissal with prejudice is appropriate "where the plaintiff wait[s] until the defendant is on the verge of triumph to move for a Rule 41(a)(2) dismissal." *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 540 (N.D. Cal. 2005) (quoting *Brooks v. State Bd. of Elections*, 173 F.R.D. 547, 550 (S.D. Ga. 1997)). Similarly, a plaintiff's insufficient explanation for seeking dismissal may weigh in favor of granting the dismissal *with* prejudice. *See Toyo Tire*, 2018 WL 1896310, at *5 (holding that courts may exercise discretion to dismiss with prejudice where plaintiff "cannot proffer a logical explanation for the need to take a dismissal without prejudice"); *Bowens v. Inland Builders Supply, Inc.*, No. EDCV07848VAPJCRX, 2008 WL 11338727, at *2 (C.D. Cal. Feb. 20, 2008) (denying motion for dismissal without prejudice where Plaintiff's arguments for dismissal without prejudice were "not credible," "puzzling," and "lacked merit.");

*Cohen v. Chanin*, No. 2:18-CV-06186-MCS-AS, 2020 WL 10758583, at *2 (C.D. Cal. Dec. 21, 2020) (dismissing claim with prejudice, finding that plaintiff's reason's for the timing of their request for dismissal to be "unavailing.").

Lizzo's proffered explanation for seeking a dismissal of her Complaint at this time is transparently false. Lizzo claims that this case "will remain unnecessarily complicated and there is a risk of juror confusion if the case were to proceed with competing and non-overlapping claims and counterclaims." (Dkt. 91, 6:17-19.) Lizzo argues that if her declaratory relief claim as to "Healthy" remains in the case, "the jury will hear that Lizzo seeks a declaration that Counterclaimants do not co-own ['Healthy'] and that the Counterclaimants seek a declaration against Lizzo and St. John that they do co-own ['Healthy'] and that if the jury both rules against Lizzo on her declaration and for the Counterclaimants on their declaration against Lizzo and St. John, the jury will have to decide whether the Counterclaimants are entitled to financial relief, and in what amount, from both Lizzo and St. John." (Dkt. 91, 6:21-27.) She further claims that adjudication of the parties' competing claims "will require unnecessarily complicated jury instructions and verdict forms which risks needless jury confusion." (Dkt. 91, 6:27-28.)

These arguments make much ado about nothing. Adversaries in federal court litigation routinely pursue mirror-image declaratory relief claims, or pursue different causes of action that seek the adjudication of the same issue—*e.g.*, an accused infringer's complaint for declaratory relief as to lack of patent, trademark, or copyright infringement, versus a competing counterclaim for infringement of the same intellectual property.

Lizzo's unavailing explanation resembles that of the plaintiff in *ThermoLife International LLC v. Neogenis Labs Incorporated*, No. CV-18-02980-PHX-DWL, 2021 WL 2714746 (D. Ariz. Jul. 1, 2021). The plaintiff there (ThermoLife) sought to dismiss its complaint and allow the matter to proceed solely on the defendant's counterclaims. Much like Lizzo asserts here, ThermoLife argued that "there is no

reason to require [it] to prosecute claims that, while meritorious, now appear unlikely to entirely resolve the parties' broader disputes." *Id*. at *4. The district court was unpersuaded, stating: "If ThermoLIfe truly believed its existing claims were 'meritorious,' it would have an incentive to continue litigating them regardless of whether they would, standing alone, have the potential to resolve ThermoLife's broader dispute with [the counterclaimant]." *Id*. The Court "suspect[ed] there may be a tactical aspect to ThermoLife's dismissal request that has not been fully explored" given these circumstances and the "unusual timing of the dismissal request." *Id*. The Court ultimately granted the dismissal without prejudice but suggested that ThermoLife's ostensible gamesmanship cut against its request. *Id*.

Here, Lizzo's request for dismissal is one hundred percent tactical and without sufficient explanation. No confusion would be caused if the trier of fact heard competing, mirror-image claims asserting that Defendants *are not* the joint authors of "Healthy" (in the case of Lizzo's claim) and that they *are* the joint authors of "Healthy" (in the case of Defendants' claim). Moreover, there are two other, clear motives for Lizzo's requested dismissal:

First, the evidence uncovered in discovery has eliminated any doubt that Defendants jointly authored "Healthy," that Lizzo took copyrightable elements of the song to create "Truth Hurts," and that Defendants are therefore entitled to an accounting of their fair share of the revenues. Admittedly, no dispositive motion is pending at the moment (which Defendants are likely to file once depositions are completed). But the evidence of liability is so clear—including dispositive admissions by Lizzo's agents that she "took" elements from "Healthy" (which she "did with" Defendants) in writing and recording "Truth Hurts"—that Defendants are fairly described as being on the "verge of triumph." *Williams*, 227 F.R.D. at 540. The requested dismissal is clearly intended to extricate Lizzo from a frivolous claim that she should never have asserted, while also making it appear to a jury that Defendants—who had no option but to assert their compulsory counterclaims—

were the instigators and aggressors in this action.

Second, Lizzo is seeking dismissal of her Complaint to undercut Defendants' insurers' duty of defense. Tellingly, Lizzo and her counsel have known that Defendants were asserting mirror-image counterclaims for the entirety of this case. If Lizzo genuinely believed this was apt to cause jury confusion, she could have sought a dismissal of the Complaint (or at least the portions of it relating to the authorship of "Healthy") long ago. Yet, it was not until Lizzo's counsel learned of Defendants' insurance coverage—indeed, very shortly thereafter—that they provided notice they would be moving to dismiss their Complaint. (*See* Iser Decl., ¶ 9.)

Plainly, Lizzo's lack of a reasonable explanation for the requested dismissal shows that it is nothing but a maneuver by Lizzo that seeks a tactical advantage in the case. The Court is justified in granting the dismissal *with* prejudice in response to this gamesmanship. And, consistent with Supreme Court precedent, such a dismissal with prejudice would and should "operate[ ] as an adjudication on the merits." *Phillips v. P.F. Chang's China Bistro, Inc.*, No. 15-CV-00344-RMW, 2016 WL 3136925, at *2 (N.D. Cal. June 6, 2016) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001)). In that regard, Lizzo's claim for declaratory relief "contends that the defendants are not co-authors of the unreleased demo song which Lizzo worked on in April 2017 [*i.e.*, 'Healthy'], and that, in any event 'Truth Hurts' does not infringe on any copyright interest defendants purport to hold in that unreleased demo." (Dkt. 1, ¶ 41.) The Court should dismiss this claim with prejudice and find that such dismissal constitutes an adjudication that Defendants are joint authors and co-owners of "Healthy," and that copyrightable elements of "Healthy" were used in "Truth Hurts." Besides being an appropriate condition for the dismissal,[3] such an order will actually streamline the case so that

---

[3] Should Lizzo find this condition unfavorable, she may withdraw her motion

the parties and trier of fact can focus on the only question genuinely in dispute: how much Lizzo and St. John must account to Defendants for the revenues earned by them from the use of "Healthy" in "Truth Hurts."

### C. Lizzo's Failure To Prosecute This Claim With Diligence Further Supports Dismissal With Prejudice

"Excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action" can be prejudicial to the defendant, and can therefore be a basis for dismissal with prejudice. *Williams*, 227 F.R.D. at 539-40; *Burnette*, 828 F. Supp. at 1443-44; *Evenflo Co., Inc. v. Augustine*, No. 14-CV-1630-AJB-JLB, 2015 WL 7568663, at *6 (S.D. Cal. Nov. 24, 2015) (finding this factor to be the weightiest consideration and thereby warranting dismissal with prejudice.) Here, Lizzo has demonstrated a significant lack of diligence on multiple fronts.

First, as explained above, Lizzo's "Healthy" declaratory relief claim was filed without diligent research or internal investigation, because it is indisputable that Lizzo, Defendants, and St. John jointly authored "Healthy." As a document produced by Lizzo makes clear, Lizzo knowingly "**took**" the DNA Phrase from "Healthy," which she "**did with**" Defendants and St. John, for use in "Truth Hurts." (*See* Iser Decl., Ex. 1.) (emphasis added.) As the email shows, this was known by Lizzo, her management team (Brandon Creed, Alana Balden, and Kevin Beisler), and record label (Bradley Haering), as early as **August 2017**, which was *before* "Truth Hurts" release. *Id.* And this, by itself, establishes that Lizzo and Defendants are joint authors of "Healthy," and that Lizzo knowingly made use of the DNA

---

for voluntary dismissal if the Court grants her motion on the condition that dismissal be with prejudice. *See Cohen*, 2020 WL 10758583, at *2 (citing *Lau v. Glendora Unified Sch. Dist.*, 792 F.2d 929, 931 (9th Cir. 1986) for the rule that a district court is required to provide plaintiff "a reasonable period of time within which to refuse the conditional voluntary dismissal by withdrawing her motion for dismissal or to accept the dismissal despite the imposition of conditions.").

Phrase in "Truth Hurts."

Yet Lizzo still proceeded to allege and seek a declaratory judgment that, *inter alia*, "defendants are not coauthors of ['Healthy']" and that Defendants "have no right to any sums of money earned by Lizzo or anyone else in connection with 'Truth Hurts.'" (Dkt. 1, 8:12-13; 8:27-28.). Lizzo's failure to engage in a pre-filing investigation into this claim is the antithesis of due diligence, and this lack of diligence is sufficient to necessitate dismissal of the claim with prejudice. *See Burnette*, 828 F. Supp. at 1444 (dismissing plaintiff's RICO claim with prejudice because, *inter alia*, it had been brought "without diligent research and in an attempt to obtain treble damages."); *see also Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir.1997).("'[f]rivolous' filings are those that are 'both baseless and made without a reasonable and competent inquiry.'"); *Microhits*, 2011 WL 13143434, at *2 (dismissing claim with prejudice, finding that plaintiff's pursuit of this litigation for over ten months without examining the document at the core of their claim "constitutes lack of diligence, at best."). Here, a reading of the black letter law shows that it is indisputable that Defendants are joint authors of "Healthy."[4]

Secondly, Lizzo falsely claims that she did not unduly delay in bringing this motion. (Dkt. 91, 5:20-28.) The Court granted Lizzo's Motion to Dismiss Defendants' First Amended Counterclaim on April 27, 2021. (Dkt. 79.) According to Lizzo, this Order determined the "central issue in this lawsuit," and Lizzo could have voluntarily dismissed her remaining claims right then and there. (Dkt. 91, 8, 25-26.) But she did not assert a desire to seek this voluntary dismissal until five months later in September 2021, only shortly after learning about Defendants'

---

[4] Also, note that Lizzo previously conceded in her September 24 Motion to Dismiss that "'Truth Hurts' could be . . . a 'derivative work' of . . . 'Healthy.'" (Dkt. 60-1, 16:9-13.) Lizzo also admitted that she "does not dispute that she sang [the DNA Phrase] in 'Truth Hurts' to the same DNA Test Melody (which she created) that she also sang in 'Healthy.'" (*Id*., 16:14-16.)

insurance coverage. (*See* Iser Decl., ¶ 9.)

Moreover, since the Court's April 27, 2021 Order, Lizzo has dragged her feet in participating in discovery by completely refusing to provide her availability to sit for her deposition. Indeed, counsel for Defendants have been requesting Lizzo's availability for deposition since September 3, 2021. (*See* Iser Decl., ¶ 10.) 70 days, and three additional requests later, Lizzo has still not provided any dates on which she will be available for deposition. (*Id.*) This is particularly concerning as Lizzo has represented to the Court that she "has had firm plans to tour both in the U.S. and abroad beginning in February 2022 and continuing through the end of the year," and "will be devoting all of her energy starting in early 2022 to her tour." (Dkt. 85, 4:21-22; 5:15-16.) To put it plainly, Lizzo has tried to "run out the clock," has not legitimately prosecuted her frivolous "Healthy" declaratory relief claim, and she should not be rewarded by having her dismissal be granted without prejudice.

### D. Dismissal With Prejudice Is Also Warranted Because The Statute Of Limitations Bars The Refiling Of Lizzo's Claim

Lastly, a dismissal with prejudice is further warranted because Lizzo would have no ability to refile her voluntarily dismissed claim even if she desired to do so.

Except in special circumstances, a plaintiff's voluntary dismissal without prejudice "leaves the situation the same as if the suit had never been brought for purposes of running of statute of limitations." *Sperling v. White*, 30 F. Supp. 2d 1246 (C.D. Cal. 1998). In this case, that would render time-barred Lizzo's declaratory relief claim as to the authorship of "Healthy." In contrast to claims for copyright infringement—where the statute of limitations runs anew from each infringement—claims relating to the *ownership* of copyright are subject to a *one-time*, three-year limitations period. *See*, *e.g.*, *Welles v. Turner Ent't Co.*, 503 F.3d 728, 734 (9th Cir. 2007); *Zuill v. Shanahan*, 80 F.3d 1366, 1369 (9th Cir. 1996), as amended (June 14, 1996). Typically, that limitations period runs from the date that the putative defendant "plainly and expressly" repudiates the putative plaintiff's claim of

copyright ownership." *Id*. Conversely, whereas here Lizzo asserts declaratory relief claims that Defendants are *not* the joint authors and co-owners of "Healthy," the three-year limitations period on such a claim would logically run from the date that Defendants plainly and expressly repudiated such a claim—in other words, from the date that Defendants asserted their ownership rights in "Healthy."

Here, "Healthy" was created Defendants' home studio in April 2017. (*See* Dkt. 1, ¶ 18; Dkt. 58, ¶ 22-23.) Defendants have asserted their ownership of "Healthy" from the date of its creation. Indeed, since April 12, 2017, the day after its creation, until shortly after the release of "Truth Hurts" in September 2017, the Raisens and Rothman understood and represented to members of Lizzo's team that they had created, and therefore co-owned, "Healthy" with Lizzo and St. John.[5] Moreover, after "Truth Hurts" was released containing elements of "Healthy," Defendants asserted ownership rights in that song as well.[6] Lizzo and her

---

[5] *See* Iser Decl., Ex. 2 (April 2017 emails showing the Raisens' representative Ashlee Gardner Raisen seeking an update from Bradley Haering of Lizzo's record label, Nice Life Recording Company ("Nice Life"), an imprint of Atlantic Records, on Lizzo's intention to use "Healthy," perhaps as a single); Ex. 3 (May 2017 emails wherein Haering indicates that "Healthy" "might have a shot" at making Lizzo's EP); Ex. 4 (August 2017 emails showing Raisens' representative Ross Donadio seeking an update from Ricky Reed's representative Cori Ershowsky and Haering regarding whether Lizzo plans on releasing "Healthy" and Haering saying Lizzo has no plans to do so); Ex. 5 (August 2017 emails between Defendant Rothman and Brandon Davis of Atlantic Records in which Rothman shares with Davis a copy of "Healthy" and another song from the April 2017 studio sessions after having met with Davis earlier that day.)

[6] *See* Iser Decl., Ex. 4 (September 2017 emails between Donadio, Haering, Ershowsky, and Lizzo's Manager Alana Balden in which Donadio asserts similarities between "Healthy" and "Truth Hurts," Haering concedes the use of the DNA Phrase in both songs, and Donadio points out further similarities and St. John's peculiar credit on "Truth Hurts"); Ex. 6 (October 2017 text messages between Ashlee Gardner Raisen, Donadio, and Justin Raisen reflecting conversation Donadio had with Lizzo's management team in which Donadio claims the managers conceded the use of "Healthy's" DNA Phrase in "Truth Hurts".)

representatives were therefore fully aware of Defendants' claims of ownership as to "Healthy" and "Truth Hurts" starting in 2017. Thus, the statute of limitations on Lizzo's claims seeking a declaration that Defendants were *not* the joint authors and co-owners of these songs commenced in 2017 and would have expired in 2020 but for the filing of this action.

If Lizzo's Complaint is dismissed without prejudice, a refiled declaratory relief claim for no joint authorship and co-ownership of "Healthy" would be subject to the three-year statute of limitations for joint authorship, which will be treated as having ran in the interim of the instant litigation. *See* Hon. Virginia A. Phillips et al., Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial ¶ 16:389 (2021) ("A dismissal without prejudice has no effect on the running of the statute of limitations. The later lawsuit does not 'relate back' to the date the earlier suit was filed. Nor is there generally any basis for equitable tolling of the statute of limitations, because the dismissal was voluntary."). Lizzo would thus be time-barred from refiling the claim after its voluntary dismissal, as more than three years have passed since Defendants claimed co-ownership of "Healthy" in 2017. *See Aalmuhammed v. Lee*, 202 F.3d 1227, 1231 (9th Cir. 2000) (Where "creation rather than infringement is the gravamen of an authorship claim, the claim accrues on account of creation, not subsequent infringement, and is barred three years from 'plain and express repudiation' of authorship.").

Because Lizzo would be unable to refile her claim alleging that Defendants are not joint authors and co-owners of "Healthy," it is appropriate to dismiss the claim *with* prejudice. *Accord Larsen v. Town of Conte Madera, Cal*., No. C-94-0984-DLJ, 1994 WL 508821, at *3 (N.D. Cal. Sept. 12, 1994) (finding a dismissal with prejudice appropriate where plaintiff sought dismissal upon court ordering supplemental briefing on potential time-barred nature of claim); *see Burnette*, 828 F. Supp. at 1443 (noting that courts have the discretion to order dismissal with prejudice "where it would be inequitable or prejudicial to defendant to allow

plaintiff to refile the action.").

## IV. CONCLUSION

For the foregoing reasons, Lizzo's Complaint should be dismissed with prejudice.

DATED: November 12, 2021

Respectfully submitted,

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP

By: /s/ Lawrence Y. Iser
Lawrence Y. Iser
Attorneys for Defendants and Counterclaimants Justin Raisen, Jeremiah Raisen, Heavy Duty LLC, and Justin "Yves" Rothman